```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )  CV. NO. 06-00580 JMS-KSC
                               )  CR. NO. 04-00061-02 JMS
            Plaintiff,         )
                               )  MEMORANDUM OF LAW
     vs.                       )
                               )
FELIPE RAGUINDEN DOMANGUERA,   )
                               )
            Defendant.         )
                               )
```

                            MEMORANDUM OF LAW

Defendant Felipe Raguinden Domanguera's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is premised upon the alleged claims of ineffective assistance of one of his prior defense counsel, Brandon Flores.

Defendant claims that Mr. Flores failed to: (1) advise him of his right to file an appeal; and (2) explain to him his rights under "Apprendi, Blakely, Booker- and even Harris" as it relates to the maximum authorized range under the guidelines.

Given these allegations, defendant has waived his attorney-client privilege with Mr. Flores, such that Mr. Flores may be interviewed, prepare an affidavit or declaration, and may be called as a witness, in this proceeding if necessary.

Laughner v. United States, 373 F.2d 326 (5th Cir. 1967) illustrates that the privilege is intended to act as a shield, not a sword. When defendant's former counsel was called by the government as a witness at a § 2255 evidentiary hearing claiming


ineffective assistance of counsel, defendant objected on the basis of attorney-client privilege. In utterly rejecting defendant's contention, the Fifth Circuit said:

> We are met first with the remarkable contention that appellant's rights were infringed upon by reason of the fact that the attorney he charged with failure to represent him adequately at his arraignment and sentencing was called as a witness by the government and permitted by the court to testify in this postconviction proceeding with respect to the factual issues raised by appellant's motion. Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense failed to discharge his responsibilities properly, appellant now proposes to invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations. We are unable to subscribe to this proposition. The privilege is not an inviolable seal upon the attorney's lips. It may be waived by the client; and where, as here, the client alleges a breach of a duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.

373 F.2d at 327. See also, Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir.), cert. denied, 124 S. Ct. 536 (2003) (where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all matters raised in his habeas petition).

These holdings are also entirely consistent with the Hawaii Rule of Professional Conduct 1.6,[1] which provides:

---

[1] Local Rule 83.3 applies the Hawaii Rules of Professional Conduct proceedings in this Court.

>    (c)  A lawyer may reveal information relating to representation of a client to the extent the lawyer reasonably believes necessary:
>
>    . . .
>
>    (3)  to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge, civil claim, or disciplinary complaint against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
>
>    . . .

Under established case law, and the rules of professional conduct, it is clear that Domanguera, by alleging that Mr. Flores provided ineffective assistance of counsel, has waived his attorney-client privilege.

## CONCLUSION

Domanguera, by bringing his § 2255 motion, has waived his attorney-client privilege with his counsel.  For the foregoing reason, the United States of America submits that the instant motion should be granted and the appended proposed Order issued by this Court.

DATED:  November 2, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By   /s/ Beverly Wee Sameshima
   BEVERLY WEE SAMESHIMA
   Assistant U.S. Attorney