IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 06-00580 JMS-KSC |
| | ) | CR. NO. 04-00061-02 JMS |
| Plaintiff, | ) | |
| | ) | DECLARATION OF COUNSEL |
| vs. | ) | |
| | ) | |
| FELIPE RAGUINDEN DOMANGUERA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DECLARATION OF COUNSEL

     I, BEVERLY WEE SAMESHIMA, upon penalty of perjury, declares and states as follows:

     1.  I am an Assistant U.S. Attorney in the District of Hawaii and counsel of record representing the United States in the above-entitled criminal case.  I make this Declaration of my own personal knowledge.

     2.  On October 30, 2006, Defendant Felipe Raguinden Domanguera filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody wherein he seeks to vacate his sentence on the basis of alleged ineffective assistance of defense counsel.  Throughout the case, defendant had several counsel.  Attorney Brandon Flores was defendant's counsel during part of the plea negotiations and in connection with the entry of his guilty plea and sentencing. Defendant claims Mr. Flores failed to:  (1) file an appeal;

(2) failed to raise any issues pursuant to <u>Apprendi</u>, <u>Blakely</u>, <u>Harris</u> and <u>Booker</u>.[1]

    3.  I have sent a copy of defendant's instant motion to Mr. Flores.  In order to prepare an appropriate response to defendant's motion, a court order permitting disclosure of attorney-client communications so that Mr. Flores may respond to Domanguera's allegations is necessary.  Given the defendant's allegations, the Government submits that good cause exists, based upon the appended Memorandum of Law, for this Court to find a waiver of attorney-client privilege herein.

    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RELIEF.

    DATED:  November 2, 2006, at Honolulu, Hawaii.

        /s/ Beverly Wee Sameshima
        BEVERLY WEE SAMESHIMA

---

[1] Defendant's second claim regarding counsel's alleged ineffectiveness of counsel is not clearly articulated. As set forth in the plea agreement, defendant stipulated to the drug quantity and weight.  (See paragraph 15f of Plea Agreement.) Defendant also acknowledged that he had a right to have a jury determine the drug quantity and weight beyond a reasonable doubt and was waiving this right in entering the plea.  (See paragraph 15f of Plea Agreement.)