```
                IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      ) CV. NO. 06-00580 JMS-KSC
                               ) CR. NO. 04-00061-02 JMS
           Plaintiff,          )
                               ) DECLARATION OF BEVERLY WEE
     vs.                       ) SAMESHIMA
                               )
FELIPE RAGUINDEN DOMANGUERA,   )
                               )
           Defendant.          )
_____)
```

## DECLARATION OF BEVERLY WEE SAMESHIMA

I, BEVERLY WEE SAMESHIMA, upon penalty of perjury, declares and states as follows:

1. I am an Assistant U.S. Attorney for the District of Hawaii and am responsible for representing the United States in this case.

2. Defendant Felipe Domanguera ("Domanguera") has had three counsel in this case. Lane Takahashi, who was Domanguera's first appointed counsel filed a motion to withdraw as counsel on April 9, 2004, stating that defendant "discharged" him as counsel citing a loss of confidence and "irretrievable differences" due in part to Takahashi's inability to obtain his pretrial release. On April 15, 2004, after a hearing, Magistrate Chang granted the motion. (True and correct copies of the motion and order are attached hereto as Exhibit "A").

3. Attorney Jerry Wilson was appointed as counsel thereafter. Wilson filed three motions to withdraw as counsel. On June 23, 2004, Wilson's motion outlined in some detail the

difficulties he had working with Domanguera, who, according to Wilson, was unhappy with discussions about possible sentencing guidelines and who originally decided to enter a guilty plea. According to Wilson's motion, Domanguera then abruptly changed his mind, again expressed dismay at the sentencing guideline range and asked that Wilson get him out of prison. Magistrate Kurren denied the motion to withdraw. During the hearing it appeared that part of Domanguera's difficulties was his inability to comprehend the concept of liability under conspiracy law. (True and correct copies of the June 23, 2004 motion, order, and the transcript of the June 24, 2004 hearing are attached hereto as Exhibit "B").

        4.   On July 28, 2004, Wilson filed another motion to withdraw as counsel in which he again detailed the difficulties he was having with Domanguera. At Domanguera's arraignment and plea to the Second Superseding Indictment on July 29, 2004, Wilson withdrew the motion. (True and correct copies of the July 28, 2004 motion and transcript of the July 29, 2004 hearing are attached hereto as Exhibit "C").

        5.   On November 9, 2004, Wilson filed a third motion to withdraw as counsel which was heard by Magistrate Kurren on November 12, 2004. The motion was granted. (True and correct

copies of the November 9, 2004 motion, order, and transcript of the November 12, 2004 hearing are attached hereto as Exhibit "D").

   6. Prior to Wilson's withdrawal, Domanguera's change of plea had been scheduled and then cancelled at the last minute on at least two or more occasions by the defense. Wilson's explanations were that Domanguera had changed his mind. As the case proceeded, it became very apparent that Domanguera was having difficulty accepting the fact that he was facing serious criminal charges and that he was not ready to accept responsibility or acknowledge his guilt. His first two counsel, Lane Takahashi and Jerry Wilson communicated to me that they had difficulty working with Domanguera because he could not accept the realities of his situation, could not understand conspiracy liability, and could not understand why he could not be released or why the charges would not go away. From the outset of the case, I tried to explore the possibility of cooperation. The agents in this case conducted at least one debrief or interview with Domanguera in the course of the case. However, it was not very fruitful.

   7. On or about November 19, 2004, Brandon Flores was appointed to represent Domanguera. On January 28, 2005, Domanguera entered a guilty plea pursuant to a plea agreement before Magistrate Kobayashi. (True and correct copies of the

plea agreement, Consent to Rule 11 Plea in a Felony Case Before United States Magistrate Judge, and transcript of the Rule 11 proceeding are attached hereto as Exhibits "E" and "F").

       8.   Domanguera was sentenced by Judge Seabright on October 5, 2005 to 108 months in prison. (True and correct copies of the Judgment and Conviction and transcript of the sentencing proceeding are attached hereto as Exhibit "G").

       9.   Prior to his guilty plea, it appeared that Domanguera could or would not cooperate for a number of reasons: (1) he maintained he was not guilty and was not involved in any conspiracy; he finally acknowledged his guilt after his co-defendants had either entered guilty pleas or cooperated with the government; (2) he never had any direct dealings with the source or any of the higher level conspirators in the organization (i.e. Dan Langaman, Isael Perez); and (3) all the other co-conspirators decided to cooperate fairly early on in the case which meant that even if Domanguera was willing to testify against them, such testimony would not be necessary.

      10.   Domanguera's co-defendants all decided to enter guilty pleas and entered guilty pleas prior to Domanguera's guilty plea. The three other co-defendants in this case provided substantial assistance which led to prosecutions and guilty pleas of other defendants. As a result, Jaime Agtang, Dan Tauyan and Christopher Mabanag all received downward departures and lower

sentences.  Domanguera was the last one to decide to enter his guilty plea.  Domanguera did not cooperate and did not qualify for a downward departure motion.

      11.  At no time did I ever tell Wilson or any of Domanguera's counsel that we would not allow Domanguera to cooperate.  The agents conducted an interview of Domanguera at his request early in the case with the hope that his information might further the investigation.  He did not have any information which could be used to further the investigation.  In addition, his difficulties with his counsel and his refusal to acknowledge his guilt or accept responsibility for his role in the conspiracy resulted in delays in his guilty plea which were counter productive to any cooperation he could offer against the co-defendants.

      12.  Attached hereto as Exhibit "H" are true and correct copies of portions of the Opening Brief and the government's Answering Brief in <u>United States of America v. Julie James</u>, C.A. No. 02-10591, Cr. No. 00-000186 WJR (District Court).

      13.  Attached hereto as Exhibit "I" is a true and correct copy of the Memorandum Opinion in <u>United States v. Julie James</u>, C.A. No. 02-10591.

//
//
//

      I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RELIEF.

      DATED: January 17, 2007, at Honolulu, Hawaii.

                                          /s/ Beverly Wee Sameshima
                                          BEVERLY WEE SAMESHIMA