BEVERLY WEE SAMESHIMA
ASSISTANT UNITED STATES ATTORNEY

Of Counsel:
Jerry I. Wilson
Attorney At Law
A Law Corporation

JERRY I. WILSON   1961
Suite 1450, 220 South King Street
Honolulu, Hawaii   96813-4542
Telephone:   (808) 536-9307

Attorney for Defendant
  FELIPE RAGUINDEN DOMANGUERA (02)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 23 2004

at 10 o'clock and 45 min. A M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00061(02)DAE |
| | ) | |
| Plaintiff, | ) | NOTICE OF MOTION; DEFENDANT |
| | ) | FELIPE RAGUINDEN DOMANGUERA'S |
| vs. | ) | MOTION FOR WITHDRAWAL AND |
| | ) | SUBSTITUTION OF COUNSEL; |
| FELIPE RAGUINDEN DOMANGUERA,, | ) | EXHIBIT "A"; CERTIFICATE OF |
|  also known as "Phil", also | ) | SERVICE |
|  known as "Barber",     (02) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | HEARING |
| | ) | DATE:    Thurs., June 24, 2004 |
| | ) | |
| | ) | TIME:    10:30 a.m. |
| | ) | |
| | ) | MAGISTRATE |
| | ) | JUDGE:   BARRY M. KURREN |
| | ) | |

### NOTICE OF MOTION

TO:   **BEVERLY WEE SAMESHIMA**
      Assistant United States Attorney
      Office of the United States Attorney
      Room 6100, PJKK Federal Building
      300 Ala Moana Boulevard
      Honolulu, Hawaii   96850

      Attorney for Plaintiff
        UNITED STATES OF AMERICA

# EXHIBIT "B"

**FELIPE RAGUINDEN DOMANGUERA**
c/o Federal Detention Center
#91108-022
P. O. Box 30080
Honolulu, Hawaii  96820

Defendant (02)

**PLEASE TAKE NOTICE** that the following motion will be heard before the Honorable Magistrate Judge <u>BARRY M. KURREN</u> in his Courtroom in the United States Courthouse, 300 Ala Moana Boulevard, Honolulu, Hawaii 96813, on <u>Thursday</u>, the 24th day of June, 2004, at 10:30 a.m., or as soon thereafter as counsel may be heard.

DATED: Honolulu, Hawaii, _____JUN 23 2004_____.

_____
JERRY I. WILSON
Attorney for Defendant
FELIPE RAGUINDEN DOMANGUERA (02)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FELIPE RAGUINDEN DOMANGUERA, ) <br> also known as "Phil", also ) <br> known as "Barber",    (02) ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> _____ ) | CR. NO. 04-00061(02) DAE <br><br> DEFENDANT FELIPE RAGUINDEN DOMANGUERA'S MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL |

**DEFENDANT FELIPE RAGUINDEN DOMANGUERA'S**
**MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL**

Comes now JERRY I. WILSON, substitute court-appointed attorney for Defendant FELIPE RAGUINDEN DOMANGUERA, and pursuant to Rules 44 and 47 of the Federal Rules of Criminal Procedure and CrimLR 44.1 of the Criminal Local Rules of the United States District Court for the District of Hawaii, moves this Honorable Court to withdraw as said counsel and to appoint new counsel for the Defendant for the reasons stated in the attached declaration and exhibit.

DATED: Honolulu, Hawaii, _____.

JERRY I. WILSON
Attorney for Defendant
FELIPE RAGUINDEN DOMANGUERA (02)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 04-00061(02) DAE |
| ) | |
| Plaintiff, ) | DECLARATION OF COUNSEL; |
| ) | EXHIBIT "A" |
| vs. ) | |
| ) | |
| FELIPE RAGUINDEN DOMANGUERA, ) | |
| also known as "Phil", also ) | |
| known as "Barber",    (02) ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DECLARATION OF COUNSEL

I, JERRY I. WILSON, declare as follows:

1. That I am the substitute court-appointed attorney for Defendant FELIPE RAGUINDEN DOMANGUERA, and have personal knowledge of the matters hereinafter stated except as otherwise indicated; that Mr. Domanguera requested new counsel after he discharged his prior counsel, Lane Takehashi; that Mr. Takahashi thoroughly briefed me regarding Mr. Domanguera and his case before I met Mr. Domanguera.

2. That Mr. Domanguera is charged with possession with intent to distribute 1,379.3 grams (gross weight) of "ice" (97% purity).

3. That Mr. Domanguera initially denied any involvement in the crime and alleged that Mr. Takehashi had **NEVER** discussed the

USSG with him; that Mr. Domanguera further stated that he had **NO** discovery and had given his copies to his "family", thus he asked me to send him additional copies of the discovery, 21 USC 841 et seq., and other pertinent documents, which I did immediately; that myself and my Staff Supervisor both met with Mr. Domanguera and thoroughly discussed the facts and USSGs which were applicable to this case but he was very unhappy when we discussed the possible/probable guidelines.

    4.   That I advised Mr. Domanguera that I would research a possible motion to suppress evidence, but soon after our meeting he stated that he wanted to plead and cooperate (5K motion), thus I so advised AUSA Beverly Wee Sameshima who prepared a proposed Memorandum of Plea Agreement dated June 4, 2004, which I immediately mailed to Mr. Domanguera; that Mr. Domanguera telephoned my office after receiving the plea offer and voiced no objection, thus a change of plea date was obtained and I advised him that I would come to see him to discuss the plea offer and hearing prior thereto.

    5.   That I met with Mr. Domanguera at the Federal Detention Center ("FDC") on Tuesday, June 22, 2004, at which time he told me an entirely different story than he had initially; that, however, Mr. Domanguera denied the essential sub-paragraph in paragraph 8 of the plea offer and again objected to the estimated guideline range; that Mr. Domanguera also indicated that I should

get him out of FDC pretrial, without any new fact or circumstance and prior to any plea, but I could not promise that I could do so successfully after Mr. Takehashi's efforts (but I would try).

6. That Mr. Domanguera then decided that he would not plead out and would instead exercise his right to a jury trial, thus I left FDC about noon after telling him that I would so notify Mrs. Sameshima and the Court and would soon return to begin his trial preparation.

7. That upon my return to my office on June 22nd, I was advised that Mr. Domanguera had telephoned my office at 12:15 p.m. and requested this motion; that a true and accurate copy of Mr. Domanguera's message to my office is attached hereto as Exhibit "A".

8. That I am ready, willing and able to continue assisting Mr. Domanguera despite the above (requests for new appointed counsel often follow receipt and review of plea offers from the government).

**THAT DECLARANT DECLARES UNDER PENALTY OF PERJURY THAT THE FACTS CONTAINED HEREIN ARE TRUE AND CORRECT TO THE BEST OF DECLARANT'S KNOWLEDGE AND BELIEF.**

DATED: Honolulu, Hawaii, _____.

_____
JERRY I. WILSON
Attorney for Defendant
FELIPE RAGUINDEN DOMANGUERA (02)

-3-

Re: Domanguera, Felipe        June 22, 2004       12:15 p.m.

Jerry,

Felipe called (838-4200, prepaid call) and said that he had met with you earlier. He said that after he talked to you, he went back to his cell and then changed his mind. He now wants you "to do a withdrawal", and stated that he and his attorney "don't get along together". Please send him a copy of the "withdrawal" when it's filed, so that he'll know when the hearing is.

    I told him I'd give you his message.


C

EXHIBIT "A"

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing will be duly mailed or delivered to the following persons at their last known addresses upon filing and receipt of said document:

**BEVERLY WEE SAMESHIMA**
Assistant United States Attorney
Office of the United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

Attorney for Plaintiff
  UNITED STATES OF AMERICA

**FELIPE RAGUINDEN DOMANGUERA**
#91108-022
c/o Federal Detention Center
P.O. Box 30080
Honolulu, Hawaii 96820

Defendant (02)

DATED: Honolulu, Hawaii, _____JUN 2 8 2004_____.

JERRY I. WILSON
Attorney for Defendant
FELIPE RAGUINDEN DOMANGUERA (02)

Of Counsel:
Jerry I. Wilson
Attorney At Law
A Law Corporation

JERRY I. WILSON    1961
Suite 1450, 220 South King Street
Honolulu, Hawaii  96813-4542
Telephone:  (808) 536-9307

Attorney for Defendant
 FELIPE RAGUINDEN DOMANGUERA (02)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 8 2004

at 4 o'clock and 16 P min. M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    vs.<br><br>FELIPE RAGUINDEN DOMANGUERA,<br> also known as "Phil", also<br> known as "Barber",    (02)<br><br>         Defendant. | CR. NO. 04-00061(02)DAE<br><br>ORDER DENYING DEFENDANT FELIPE RAGUINDEN DOMANGUERA'S MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL FILED JUNE 23, 2004<br><br>Hearing Date:<br>  Thursday, June 24, 2004,<br>  at 10:30 a.m.<br><br>Magistrate<br>Judge:    BARRY M. KURREN |

**ORDER DENYING DEFENDANT FELIPE RAGUINDEN
DOMANGUERA'S MOTION FOR WITHDRAWAL
AND SUBSTITUTION OF COUNSEL FILED JUNE 23, 2004**

    The above-entitled matter having duly come on for hearing before the Honorable BARRY M. KURREN on Thursday, June 24, 2004, at approximately 11:00 a.m., and

    Assistant U.S. Attorney BEVERLY WEE SAMESHIMA appearing on behalf of the United States of America, and JERRY I. WILSON,

ESQ., appearing on behalf of Defendant FELIPE RAGUINDEN DOMANGUERA who was present, and

The Court, having reviewed DEFENDANT FELIPE RAGUINDEN DOMANGUERA'S MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL filed on June 23, 2004, and the other pleadings and records on file herein, having considered the statements of Mr. Wilson and Defendant Domanguera, and being fully advised in the premises,

**IT IS HEREBY ORDERED** that the motion is **DENIED**.

DATED:  Honolulu, Hawaii, __JUN 25 2004__.

                                           __BARRY M. KURREN__
                                           BARRY M. KURREN
                                           Judge of the Above-Entitled Court

APPROVED AS TO FORM:

[signature]

BEVERLY WEE SAMESHIMA
Assistant U.S. Attorney

United States of America v. Felipe Raguinden Domanguera, CR. NO. 04-00061(2) DAE; ORDER DENYING DEFENDANT FELIPE RAGUINDEN DOMANGUERA'S MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL FILED JUNE 25, 2004

```
 1                  UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF HAWAII
 2
     UNITED STATES OF AMERICA,    )   Case No. CR04-00061JMS
 3                                )
                   Plaintiff,     )   Honolulu, Hawaii
 4                                )   June 24, 2004
                                  )   10:57 a.m.
 5              v.                )
                                  )   COPY
 6   FELIPE RAGUINDEN DOMANGUERA, )
                                  )
 7                 Defendant.     )
                                  )
 8

 9   TRANSCRIPT OF MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL
                 BEFORE THE HONORABLE BARRY M. KURREN
10                  UNITED STATES MAGISTRATE JUDGE.

11   APPEARANCES:

12   For the Plaintiff:        U.S. ATTORNEY'S OFFICE
                               By: BEVERLY SAMESHIMA, ESQ.
13                             300 Ala Moana Boulevard, #6100
                               Honolulu, Hawaii 96850
14
     For the Defendant:        JERRY WILSON, ESQ.
15                             220 S. King Street, #1450
                               Honolulu, Hawaii 96813
16

17

18   Transcriber:              Jessica B. Cahill
                               P.O. Box 1652
19                             Wailuku, Maui, Hawaii 96793
                               Telephone: (808)244-0776
20

21

22

23   Proceedings recorded by electronic sound recording, transcript
     produced by transcription service
24

25
```

```
 1              THE CLERK:  Court is now in session.  Please be
 2   seated.  Criminal number 04-00061DAE, USA versus defendant two
 3   Felipe Raguinden.  And this is called for motion for withdrawal
 4   and substitution of counsel.
 5              MS. SAMESHIMA:  Yes, good morning, your Honor, Beverly
 6   Wee Sameshima on behalf of the United States.
 7              THE COURT:  Yes, good morning.
 8              MR. WILSON:  Good morning, Judge, Jerry Wilson.  I'm
 9   the substitute court appointed attorney for the defendant Felipe
10   Domanguera who is present.
11              THE COURT:  Yes, good morning.  So, Mr. Wilson, where
12   do we stand on this at this point?
13              MR. WILSON:  As I said in my motion, your Honor, I'm
14   ready, willing and able to continue to represent Felipe.  When I
15   spoke originally with Lane Takahashi we -- we've had the same
16   problem.  Mr. Domanguera is charged with conspiracy.  If he went
17   to trial the evidence would be as stated in paragraph four --
18              THE COURT:  Right.
19              MR. WILSON:  -- of the -- of the -- of the indictment.
20   I understand Mr. Domanguera's position.  I have tried to discuss
21   with him federal conspiracy.  What the word distribution means
22   in terms of a federal conspiracy.  It does not mean that I
23   personally intended to sell it or distribute it.  I've also
24   talked to Mr. Domanguera about what aiding and abetting is.
25              I've also told Mr. Domanguera that many, many small
```

1  time users very often make one little mistake that turns into a
2  very, very big mistake.  And under federal law the guidelines
3  prevail.
4          THE COURT:  Right.
5          MR. WILSON:  And finally, your Honor, I told him that
6  Ms. Sameshima is not about to drop this case, not about to take
7  out the word distribution.  If she did I think they'd fire her.
8  I've told him that we had a chance at a motion to suppress, but
9  as set forth in the -- he called me right after that and said he
10 wanted to plead.  He called me after that to say where was it.
11 I said Ms. Sameshima is preparing it.
12         THE COURT:  But is there -- you're -- you're prepared
13 to represent him, you know, in whatever the course may be.
14         MR. WILSON:  Judge, as you know, these cases often get
15 this way when they get the plea offer, and you go over the --
16 that infamous paragraph eight with them --
17         THE COURT:  Right.
18         MR. WILSON:  -- and you try to explain the very, very
19 difficult terms to them.  And that's what happened.  I -- I
20 understand the Court knows -- may know, but the last case I had
21 with Ms. Sameshima resulted in a plea two weeks ago --
22         THE COURT:  Right.
23         MR. WILSON:  -- which was the same plea --
24         THE COURT:  Right.
25         MR. WILSON:  -- that I had taken.  I would love to

1   work with Mr. Domanguera. I do understand his position.
2   THE COURT: Right.
3   MR. WILSON: I just can't do -- you know, Lane and I
4   can't get him out of prison. Lane tried. I told him I can't
5   get you out of jail --
6   THE COURT: Yeah.
7   MR. WILSON: -- pretrial. I'll try, but I can't -- I
8   don't -- I'm sure Ms. Sameshima would fight that vigorously.
9   THE COURT: So, Mr. Domanguera, you know, you -- you
10  have to work with the attorney. I mean, we can't keep
11  reappointing, you know, new lawyers to represent you.
12  THE DEFENDANT: Can I?
13  THE COURT: Yes.
14  THE DEFENDANT: Good morning, your Honor.
15  THE COURT: Good morning.
16  THE DEFENDANT: Your Honor, actually, your Honor, I
17  really like to cooperate with the Government and with my
18  attorney. The only thing is I want an attorney to -- to
19  represent me.
20  THE COURT: And he's -- and he's prepared to do that.
21  THE DEFENDANT: Yeah, I know, but the thing is I want
22  to reason, because I want to plea out. I want to tell the
23  truth, but not the untrue. But he trying to -- he trying to
24  convince me for the untrue which is not -- which I never -- I
25  never --

1     THE COURT: Well, it sounds to me, Mr. Domanguera,
2  that Mr. Wilson is doing all that he can for you and the
3  circumstances are what they are. And if -- if -- if -- if the
4  Government won't -- won't change, you know, the situation or the
5  deal can't be negotiated perhaps the way you want it to go, I
6  mean that's -- you know, it won't ever be different with whoever
7  represents you. Do you understand that?
8     THE DEFENDANT: Yeah, I know, but just like it's hard
9  to take any responsibility that does not belong to me.
10    THE COURT: Well, I understand, but -- and you -- you
11 -- you just need to work with Mr. Wilson to do, you know, what
12 -- what you believe you have to do in this case, and -- and --
13 and I certainly would -- would -- would listen closely to his
14 advice and, you know, hopefully you could be on the same page on
15 this. But he's prepared to represent you in whatever way, you
16 know, you need to be represented.
17    THE DEFENDANT: Yeah, well, all I can say is if he can
18 do that, and then I will get -- I going plea -- I will cooperate
19 with them hundred -- over 100 percent cooperation about this
20 case as long they cannot give me the -- I really -- the -- if
21 they really give me their support or the -- the help that I'm
22 looking for my case.
23    THE COURT: Okay. So, I -- I -- you know, I -- I --I
24 just don't see a material breakdown in the attorney client
25 relationship here. And, Mr. Domanguera, we've -- we've made a

```
 1  change once before.  I want you to really work hard to work well
 2  with Mr. Wilson.  You know, he's trying his very best to
 3  represent you.  He's doing so adequately and -- and
 4  appropriately from what I can see.  You know, listen closely to
 5  his advice, work with him, and he'll do, you know, whatever
 6  needs to be done in your case with what you authorize him to do.
 7           THE DEFENDANT:  Yeah.
 8           THE COURT:  Okay.
 9           THE DEFENDANT:  Your Honor, one more thing is just
10  like I do not have the papers work from my -- never give me the
11  paperwork -- send me paperworks from -- from him.  It's just
12  like if the person -- if that codefendant had plead out and then
13  I want to know the paperwork what the -- what the codefendant
14  plea out, but they never send me a copy for that.  So, that I
15  know what I'm going -- what I'm doing with my case.
16           MR. WILSON:  Your Honor, that's the first I've heard
17  of that.  He asked me what the other -- there's other COD's,
18  Judge, one's pled, one's not.  When I met with him day before
19  yesterday he asked me what the other defendant pled to, and I
20  said same as you.
21           But they don't give me copies of the memorandum of
22  plea agreement.  This is the first that I've known that he
23  wanted a copy of it, but I can't get that.
24           THE COURT:  Right.
25           MR. WILSON:  Maybe I can.  I don't know.
```

```
 1              MS. SAMESHIMA:  I -- I'm sure if Mr. Wilson contacted
 2   Mr. Dana Ishibayashi he would be able to provide it.
 3              THE COURT:  Okay.
 4              MR. WILSON:  It's the same --
 5              MS. SAMESHIMA:  The final document.
 6              MR. WILSON:  -- it's the same deal, Judge.
 7              THE COURT:  Probably the same -- same agreement;
 8   right?  Or essentially the same.
 9              MS. SAMESHIMA:  More or less, your Honor.
10              THE COURT:  Yeah.
11              MS. SAMESHIMA:  He pled to the conspiracy which is the
12   only charge in this case.
13              THE COURT:  Oh.  Okay.
14              MS. SAMESHIMA:  The same one that Mr. Domanguera is
15   charged with.  So --
16              THE COURT:  Mr. Wilson will -- will follow up on that
17   for you, Mr. Domanguera.
18              THE DEFENDANT:  Yeah, so what I want from Mr. Wilson
19   is just, like, just give me a copy -- every copy of the
20   paperwork so that I know what's going on my case.
21              THE COURT:  Okay.  Well, you just -- just work hard to
22   communicate together on this thing.  I'm going to deny the
23   motion.  Mr. Wilson, if you would just prepare an order for the
24   file please.
25              MR. WILSON:  Yes, your Honor.
```

```
 1                THE COURT:  Okay.  Thank you.  I'm going to move on to
 2   the next case.
 3          (At which time the above-entitled proceedings were
 4   concluded.)
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2
 3                          CERTIFICATE
 4       I, court approved transcriber, certify that the
 5  foregoing is a correct transcript from the official electronic
 6  sound recording of the proceedings in the above-entitled matter.
 7       Dated this 2nd day of December, 2006.
 8
 9                          _____
10
11                          Jessica B. Cahill
12
13
...
25
```