BEVERLY WEE [illegible]
ASSISTANT U.S. ATTORNEY

Of Counsel:
Jerry I. Wilson
Attorney At Law
A Law Corporation

JERRY I. WILSON 1961
Suite 1450, 220 South King Street
Honolulu, Hawaii 96813-4542
Telephone: (808) 536-9307

Attorney for Defendant
FELIPE RAGUINDEN DOMANGUERA (02)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 2 8 2004

at 11 o'clock and 20 min. __M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FELIPE RAGUINDEN DOMANGUERA,, also known as "Phil", also known as "Barber", (02)<br><br>Defendant. | CR. NO. 04-00061(02)DAE<br><br>NOTICE OF MOTION; DEFENDANT FELIPE RAGUINDEN DOMANGUERA'S SECOND MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL; CERTIFICATE OF SERVICE<br><br>HEARING DATE: Thurs., July 29, 2004<br><br>TIME: 11:00 a.m.<br><br>MAGISTRATE JUDGE: KEVIN S.C. CHANG |

**NOTICE OF MOTION**

TO: **BEVERLY WEE SAMESHIMA**
Assistant United States Attorney
Office of the United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

Attorney for Plaintiff
UNITED STATES OF AMERICA



**FELIPE RAGUINDEN DOMANGUERA**
c/o Federal Detention Center
#91108-022
P. O. Box 30080
Honolulu, Hawaii 96820

Defendant (02)

**PLEASE TAKE NOTICE** that the following motion will be heard before the Honorable Magistrate Judge KEVIN S.C. CHANG in his Courtroom in the United States Courthouse, 300 Ala Moana Boulevard, Honolulu, Hawaii 96813, on Thursday, the 29th day of July, 2004, at 11:00 a.m., or as soon thereafter as counsel may be heard.

DATED: Honolulu, Hawaii, JUL 23 2004.

JERRY I. WILSON
Attorney for Defendant
FELIPE RAGUINDEN DOMANGUERA (02)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FELIPE RAGUINDEN DOMANGUERA, also known as "Phil", also known as "Barber", (02)<br><br>Defendant. | CR. NO. 04-00061(02) DAE<br><br>DEFENDANT FELIPE RAGUINDEN DOMANGUERA'S SECOND MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL |

**DEFENDANT FELIPE RAGUINDEN DOMANGUERA'S**
**SECOND MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL**

Comes now JERRY I. WILSON, substitute court-appointed attorney for Defendant FELIPE RAGUINDEN DOMANGUERA, and pursuant to Rules 44 and 47 of the Federal Rules of Criminal Procedure and CrimLR 44.1 of the Criminal Local Rules of the United States District Court for the District of Hawaii, moves this Honorable Court to withdraw as said counsel and to appoint new counsel for the Defendant for the reasons stated in the attached declaration.

DATED: Honolulu, Hawaii, JUL 26 2004 ________________.

JERRY I. WILSON
Attorney for Defendant
FELIPE RAGUINDEN DOMANGUERA (02)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FELIPE RAGUINDEN DOMANGUERA, also known as "Phil", also known as "Barber", (02)<br><br>Defendant. | CR. NO. 04-00061(02) DAE<br><br>DECLARATION OF COUNSEL |

**DECLARATION OF COUNSEL**

I, JERRY I. WILSON, declare as follows:

1. That I am the substitute court-appointed attorney for Defendant FELIPE RAGUINDEN DOMANGUERA and have personal knowledge of the matters hereinafter stated except as otherwise indicated; that Mr. Domanguera requested new counsel after he discharged his prior counsel, Lane Takahashi; that Mr. Takahashi thoroughly briefed me regarding Mr. Domanguera and his case before I initially met Mr. Domanguera.

2. That Mr. Domanguera is charged with possession with intent to distribute 1,379.3 grams (gross weight) of "ice" (97% purity).

3. That Mr. Domanguera initially denied any involvement in the crime and alleged that Mr. Takahashi had **NEVER** discussed the

USSG with him (Mr. Takahashi stated that Mr. Domanguera denied any culpability and was not interested in the USSG, so they were "discussed only in passing"); that Mr. Domanguera further stated that he had **NO** discovery and had given his copies to his "family", thus he asked me to send him additional copies of the discovery, 21 USC 841 <u>et</u> <u>seq.</u>, and other pertinent documents, which I did immediately; that myself and my Staff Supervisor have both met with Mr. Domanguera on several occasions and have thoroughly discussed the facts and USSGs which are applicable to this case, but he remains very unhappy when we have discussed the possible/probable guidelines and continues to blame me for not being able to have the charges dismissed, for the government's alleged failure or refusal to give him a "5K motion" for downward departure despite the fact that such a motion is now premature, he has not plead to anything and my telling him, repeatedly, that I cannot force them to debrief him or file the motion, especially at this point in time.

4. That I had advised Mr. Domanguera that I would research a possible motion to suppress evidence, but soon after that initial meeting he stated that he wanted to plead and cooperate (5K motion), thus I so advised AUSA Beverly Wee Sameshima who prepared a proposed Memorandum of Plea Agreement dated June 4, 2004, which I immediately mailed to Mr. Domanguera; that Mr. Domanguera telephoned my office after receiving the plea offer and

voiced no objection, thus a change of plea date was obtained and I advised him that I would come to see him to discuss the plea offer and hearing prior thereto.

5. That I met with Mr. Domanguera at the Federal Detention Center ("FDC") on Tuesday, June 22, 2004, at which time he told me an entirely different story than he had initially; that, however, Mr. Domanguera denied the essential sub-paragraph in paragraph 8 of the plea offer and again objected to the estimated guideline range; that Mr. Domanguera also indicated that I should get him out of FDC pretrial, without any new fact or circumstance and prior to any plea, but I could not promise that I could do so successfully after Mr. Takahashi's efforts (but I would try).

6. That Mr. Domanguera then decided that he would not plead out and would instead exercise his right to a jury trial, thus I left FDC about noon that day after telling him that I would so notify Mrs. Sameshima and the Court and would soon return to begin his trial preparation.

7. That upon my return to my office on June 22nd, I was advised that Mr. Domanguera had telephoned my office at 12:15 p.m. and requested that I file a motion to withdraw, which I did on June 23, 2004; that Judge Kurren denied the motion on June 24, 2004.

8. That following the Blakely decision on June 24, 2004, and after consultation with the Federal Defender's Office and others, I advised Mr. Domanguera to plead to the original Indictment without a plea deal (which would have required him to

admit to the 1300+ grams) and set this matter for a change of plea; that, however, Mr. Domanguera changed his mind again, did not wish to plead and instead telephoned my office and stated that he wanted to come to the Final Pretrial Conference and that I should withdraw as his counsel if I could not do so (I told him I would try and to stop threatening to fire me).

9. That on July 22, 2004, I spoke with Assistant U.S. Attorney Beverly Wee Sameshima who advised me that she would be superseding the Indictment (Blakely), thus I obtained a copy thereof and immediately hand-delivered it to FDC with a letter that I would see him soon to discuss what was happening.

10. That on July 27, 2004, myself and my Staff Supervisor again met with Mr. Domanguera to explain the new Indictment, Blakely, Ameline, etc., but he stated that he wanted a dismissal or a "5K" motion and some sort of written "presentation", changed his facts again, then stated that he again wanted another attorney.

11. That I have repeatedly told Mr. Domanguera that the government is not going to drop the charges, that it is entirely up to them whether to debrief him or file a 5K motion, have provided him with copies of jury instructions related to "conspiracy" and what it means "to distribute" and to "possess with intent to distribute," etc., but he admittedly does not want to accept this information; that I have also repeatedly told the Defendant that he can and should go to trial, but he does not want that either, only

for this "whole thing" (or words to that effect) to "go away," which it will not.

**THAT DECLARANT DECLARES UNDER PENALTY OF PERJURY THAT THE FACTS CONTAINED HEREIN ARE TRUE AND CORRECT TO THE BEST OF DECLARANT'S KNOWLEDGE AND BELIEF.**

DATED: Honolulu, Hawaii, JUL 28 2004.

JERRY I. WILSON
Attorney for Defendant
FELIPE RAGUINDEN DOMANGUERA (02)

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing will be duly mailed or delivered to the following persons at their last known addresses upon filing and receipt of said document:

**BEVERLY WEE SAMESHIMA**
Assistant United States Attorney
Office of the United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

Attorney for Plaintiff
UNITED STATES OF AMERICA

**FELIPE RAGUINDEN DOMANGUERA**
#91108-022
c/o Federal Detention Center
P.O. Box 30080
Honolulu, Hawaii 96820

Defendant (02)

DATED: Honolulu, Hawaii, _______________.

JERRY P. WILSON
Attorney for Defendant
FELIPE RAGUINDEN DOMANGUERA (02)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR04-00061JMS |
| | ) | |
| Plaintiff, | ) | Honolulu, Hawaii |
| | ) | July 29, 2004 |
| | ) | 11:02 a.m. |
| v. | ) | |
| | ) | |
| FELIPE RAGUINDEN DOMANGUERA, | ) | COPY |
| | ) | |
| Defendant. | ) | |
| | ) | |

TRANSCRIPT OF ARRAIGNMENT & PLEA SECOND SUPERSEDING INDICTMENT AND SECOND MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL
BEFORE THE HONORABLE KEVIN S.C. CHAN
UNITED STATES MAGISTRATE JUDGE.

APPEARANCES:

For the Plaintiff: U.S. ATTORNEY'S OFFICE
By: BEVERLY SAMESHIMA, ESQ.
300 Ala Moana Boulevard, #6100
Honolulu, Hawaii 96850

For the Defendant: JERRY WILSON, ESQ.
220 S. King Street, #1450
Honolulu, Hawaii 96813

Transcriber: Jessica B. Cahill
P.O. Box 1652
Wailuku, Maui, Hawaii 96793
Telephone: (808)244-0776

Proceedings recorded by electronic sound recording, transcript produced by transcription service

THE CLERK: This Honorable Court is now in session. Criminal number 04-61DAE, United States of America versus defendant two Felipe Raguinden Domanguera. This case has been called for an arraignment and plea as to the second superseding indictment and defendant's second motion for withdrawal and substitution of counsel.

MS. SAMESHIMA: Yes, good morning, your Honor, Beverly Wee Sameshima on behalf of the United States.

THE COURT: Good morning.

MR. WILSON: Good morning, your Honor, Jerry Wilson. I'm the CJA attorney for the defendant number two, Mr. Felipe Domanguera who is present.

THE COURT: Good morning. Mr. Wilson, can we proceed with the A&P?

MR. WILSON: I believe so, your Honor. I have received a copy of the second superseding indictment. I've spoken with my client about that. I have given him a copy of that indictment, your Honor. We have discussed it and other matters. And we would waive a public reading of the indictment, your Honor, and enter pleas of not guilty.

THE COURT: Mr. Domanguera, you've received a copy of the second superseding indictment?

THE DEFENDANT: Yes, your Honor.

THE COURT: And you understand the nature of the charges being made against you?

THE DEFENDANT: Yes, your Honor.

THE COURT: All right. Not guilty pleas will be entered on behalf of the defendant to the second superseding indictment. There is a trial date presently set of August 3rd in this case.

MR. WILSON: It had been struck, your Honor, as well as the final pretrial conference when we were going to plead the last time. So, there technically -- we technically have no date, but Ms. Sameshima and I did talk about this case again.

MS. SAMESHIMA: Your Honor, you know, of course the Court probably knows because this has been set and taken off I don't know how many times, and also I found out that the other codefendant who was going to plea, again, tomorrow is also withdrawn -- I mean, he's going to try to continue that.

So, obviously we -- we're not prepared to start on August 3rd based upon that.

THE COURT: Right. So --

MS. SAMESHIMA: And so, we -- I did talk to Theresa, and she said no problem with 30 days. And since we have a superseding indictment I think that's appropriate.

THE COURT: Yeah, that was my thought.

MS. SAMESHIMA: Yeah.

THE COURT: Which is -- is that given the second superseding and given the pending motion to withdraw that it would be appropriate to set the trial date, at least for now, to

be August 31st, 2004, which would be about 30 days from the past August 3rd, 2004 date.

The Court finding that the interests of justice are served by continuance in this matter, because a continuance allows the defendants a reasonable opportunity for effective preparation taking into account the exercise of due diligence and given the second superseding indictment in this case.

The Court further finds that the ends of justice is served by granting a continuance and do outweigh the interest of the defendants and the public to a speedy trial. The new trial date will be August 31, 2004. The Court finding and directing that the period of time from August 3, 2004 to August 31, 2004 is excludable from computation required by the Speedy Trial Act under Title 18, United States Code, Sections 3161(H)(8)(a) and (b).

Now, Mr. Wilson, your motion for withdrawal.

MR. WILSON: Your Honor, I spoke with Ms. Sameshima this morning and assuming that we can arrange a debriefing I believe that Mr. Domanguera wishes to withdraw -- me to withdraw that motion, but I'll have him speak with you.

THE COURT: Mr. Domanguera.

THE DEFENDANT: Well, I -- I concur that Mr. Wilson can assert me as my attorney. I can -- I can continue.

THE COURT: Okay. So, you and Mr. Wilson have been able to work out whatever differences you may have had the two

of you?

THE DEFENDANT: Yeah, because he spoke me earlier that we can get together again and work together again at this time. Sorry, for the --

THE COURT: You can -- you can work together; is that what you're telling me?

THE DEFENDANT: We can still work together.

THE COURT: All right.

THE DEFENDANT: And one more thing.

THE COURT: Yeah.

THE DEFENDANT: Attorney -- just allow me to -- allow me to attend any pretrial conference, because as before I never allow me to attend any pretrial conference that I have.

THE COURT: And that's fine. If you wish to be present, Mr. Domanguera, then I'll leave that to you and Mr. Wilson to arrange for your appearance at any future pretrial conferences in this case.

MR. WILSON: Thank you, your Honor.

THE DEFENDANT: Thank you.

THE COURT: So then the motion to withdraw is withdrawn?

MR. WILSON: Yes, your Honor.

THE COURT: All right. And then depending upon whatever future discussions there may be between you and the Government there may or there may not be a change of plea in

this case. But at least for now the trial date is August 31, 2004. Deadlines.

THE CLERK: Final pretrial is August 2nd, at 10:00 a.m., Judge Kurren. Motions due August 19. Responses September 2nd.

MS. SAMESHIMA: I'm sorry, motions again?

THE CLERK: August 19 and September 2nd.

MR. WILSON: Your Honor, if our trial week is August 31st, we can't have a September 2nd deadline.

THE COURT: That would seem to be --

MR. WILSON: I'm sorry.

THE CLERK: I'm sorry.

MR. WILSON: Might it be advisable to put the trial off a little bit longer and that way it will give us a better opportunity for both a possible debriefing and secondly depending on what happens. We don't want the Government to have to prepare for trial --

THE COURT: Well, and -- and I -- and I agree, Mr. Wilson. My only concern is -- is that because there is a codefendant, and we don't have him present here this morning, in order to set any other dates other than what we set this morning it would probably be --

MS. SAMESHIMA: Well, your Honor, I -- I can represent Mr. Tauyan is set to have his A&P tomorrow at 2:00, which would have been the change of plea time. And in my discussions with

Mr. Park the only reason he's not going forward at this point is he wants to just figure out what's going to happen with Blakely.

It's my understanding his client does intend to change his plea, but he just needs an opportunity to figure out what he needs to preserve in terms of issues.

So, I know that he's in total agreement that we ought to push off whatever trial, but I can understand the Court wanting to set a date now, but I -- I can tell the Court that, you know, I don't think there's going to be a problem, you know, having a longer trial date, but I understand for -- for speedy trial purposes we might want to keep that.

But I'm totally in accord with Mr. Wilson's point. I don't want to have to start preparing for trial. And once we get to the final pretrial conference I'm going to have my dates, and when I start the train rolling it's going to be rolling --

THE COURT: Uh-huh.

MS. SAMESHIMA: -- and the defendants are going to lose their additional point. So, it -- it may be prudent for them to -- you know, for us to push it back.

MR. WILSON: Should -- should we not set it right now, and wait to see what happens tomorrow, and then both of them can be set together? Would that be acceptable?

THE COURT: Well, Mr. Wilson, what kind of date were you thinking of?

MR. WILSON: Not a long date. The only -- the only

problem I may have is September 8th. I have the -- the Reyes trial with Judge Gillmor, but that's --

MS. SAMESHIMA: And I'm in that, your Honor. So, I have the same sentiment, so --

MR. WILSON: I -- I wasn't think much longer than what the Court had in mind. Maybe September 21 or 28th.

MS. SAMESHIMA: That -- that would be okay with me.

THE COURT: All right. Why don't we set them September 21, 2004, as the trial date? And the Court will find, as it did previously, that the interests of justice are served by a continuance. And as previously stated by the Court will amend that ruling to extend the trial date from August 31 to September 21, 2004, excluding the time from August 30 to September 21, 2004.

MR. WILSON: Thank you, your Honor.

THE COURT: All right.

MS. SAMESHIMA: And our final pretrial would be?

THE CLERK: August 23rd, 10:00 a.m., Judge Kurren. And then so for your motions --

MR. WILSON: Your Honor, I have a mandatory -- I have an MCCP panel hearing that day, and I don't think Reggie Chen is going to give me anymore continuances. I'm new in the case, and we did continue it at the last minute when I got retained. I might -- could we set that later in the morning?

THE CLERK: 2:00 p.m.

MR. WILSON: That ought to work. Is that okay with you?

MS. SAMESHIMA: Yeah, that's fine.

THE CLERK: And then -- and then we'll do August 10 and August 24 for motion and response.

THE COURT: All right. Anything else, Ms. Sameshima?

MS. SAMESHIMA: Nothing further, your Honor.

THE COURT: Mr. Wilson, anything else?

MR. WILSON: Yes, your Honor, thank you very much.

THE COURT: Yeah, we'll be in recess.

MR. WILSON: Your Honor, do you need an order withdrawing the motion to --

THE COURT: No, we'll -- we'll note that.

(At which time the above-entitled proceedings were concluded.)

CERTIFICATE

I, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Dated this 2nd day of December, 2006.

Jessica B. Cahill

Jessica B. Cahill