1          UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF HAWAII
2
    UNITED STATES OF AMERICA,      )    Case No. CR04-00061JMS
3                                  )
                   Plaintiff,      )    Honolulu, Hawaii
4                                  )    January 28, 2005
                                   )    2:40 p.m.
5           v.                     )
                                   )    COPY
6    FELIPE RAGUINDEN DOMANGUERA,  )
                                   )
7                  Defendant.      )
    _____)
8

9       TRANSCRIPT OF WITHDRAWAL OF GUILTY PLEA AND TO PLEAD ANEW
             BEFORE THE HONORABLE LESLIE E. KOBAYASHI
10               UNITED STATES MAGISTRATE JUDGE.

11   APPEARANCES:

12   For the Plaintiff:         U.S. ATTORNEY'S OFFICE
                                By: BEVERLY SAMESHIMA, ESQ.
13                              300 Ala Moana Boulevard, #6100
                                Honolulu, Hawaii 96850
14
     For the Defendant:         BRANDON K. FLORES, ESQ.
15                              707 Richards Street, #516
                                Honolulu, Hawaii 96813
16

17

18   Transcriber:               Jessica B. Cahill
                                 P.O. Box 1652
19                               Wailuku, Maui, Hawaii 96793
                                 Telephone: (808)244-0776
20

21

22

23   Proceedings recorded by electronic sound recording, transcript
     produced by transcription service
24

25



EXHIBIT "F"

1              THE CLERK:   This Honorable Court is now in session.

2    Please be seated.   Criminal 04-00061DAE, United States of

3    America versus defendant two Felipe Raguinden Domanguera also

4    known as Phil also known as Barabe.   This case has been called

5    for a hearing on a motion for withdrawal of not guilty plea and

6    to plead anew.

7              MS. SAMESHIMA:   Yes, good afternoon, your Honor,

8    Beverly Wee Sameshima on behalf of the United States.

9              THE COURT:   Good afternoon.

10             MR. FLORES:   Good afternoon, your Honor, Brandon

11   Flores on behalf of Mr. Felipe Domanguera who is also present.

12             THE INTERPRETER:   Good afternoon, I'm Eva Lindstrom.

13   I'm the Tagalog interpreter.

14             THE COURT:   Good afternoon.   The record will reflect

15   the presence of Mr. Domanguera.   Mr. Flores, is it your

16   understanding that your client wishes to plead guilty to -- or

17   change his plea to Count 1 of the superseding indictment?

18             MR. FLORES:   That's correct, your Honor.

19             THE COURT:   And he's agreed to enter his guilty plea

20   before a United States Magistrate Judge?

21             MR. FLORES:   Yes, your Honor.

22             THE COURT:   All right.   Then, Mr. Domanguera, before I

23   can accept your guilty plea I must know that you understand what

24   you are doing?

25             THE INTERPRETER:   Yes, he does.

1          THE COURT:  I must also make sure that you are

2   pleading guilty freely and voluntarily, and in order to make

3   this determination I will ask you questions.

4          THE INTERPRETER:  Yes, to both.

5          THE COURT:  All right.  If you do not understand any

6   of the questions I ask of you please say so.  Do you understand

7   that?

8          THE INTERPRETER:  Yes, your Honor.

9          THE COURT:  All right.  Mr. Nakamura, if you would

10  please administer the oath to the defendant.

11                        FELIPE DOMANGUERA

12  Was called by the Court and after having been first duly sworn

13  was examined and testified as follows:

14          THE COURT:  All right.  What is your full name?

15          THE DEFENDANT:  Felipe Raguinden Domanguera.  Felipe.

16          THE COURT:  You have to speak into the --

17          THE DEFENDANT:  Felipe Raguinden Domanguera.

18          THE COURT:  All right.  How old are you?

19          THE DEFENDANT:  44.

20          THE COURT:  How far did you go in school?

21          THE DEFENDANT:  Third year college in the Philippines.

22          THE INTERPRETER:  Third year college.

23          THE COURT:  All right.  Have you taken any medication,

24  alcohol or drugs of any kind today?

25          THE INTERPRETER:  Only the asthma inhaler.

```
 1                    THE COURT:  All right.  And -- and that medication is
 2   to help for a medical condition that you have.
 3                    THE INTERPRETER:  Yes.
 4                    THE COURT:  But it doesn't affect your ability to
 5   think or make decisions; would that be correct?
 6                    THE INTERPRETER:  No.
 7                    THE COURT:  All right.  So, you're able to make
 8   decisions today, and you feel well enough to understand what's
 9   going on?
10                    THE INTERPRETER:  Yes, your Honor.
11                    THE COURT:  Have you been treated recently for any
12   type of mental illness or addiction to narcotic drugs of any
13   kind?
14                    THE INTERPRETER:  No.
15                    THE COURT:  All right.  Counsel, to the best of your
16   knowledge is your client fully competent and capable of entering
17   a valid plea here today?
18                    MR. FLORES:  Yes, your Honor.
19                    THE COURT:  All right.  The -- the Court so finds.
20   Now, Mr. Domanguera, if you choose to enter a guilty plea in
21   this case you do have the right to enter that plea before a
22   United States District Judge.
23                    But if you consent to enter your plea before me today
24   as a United States Magistrate Judge then a sentencing hearing
25   will be held later and the District Judge will impose your
```

1  sentence.

2          THE INTERPRETER:  He's asking if -- are you -- why not

3  you make that decision?

4          THE COURT:  All right.  So, that's going to be for the

5  United States District Judge to do.  So, that will be at a

6  different day after the presentence report is finished.

7          THE INTERPRETER:  He's asking is that a good thing?

8          THE COURT:  Well, it's a good thing to wait to have

9  your sentence after the sentence -- presentence report, because

10  that report is going to contain information about you and your

11  case, and the judge is going to use that information to make up

12  his mind what your sentence should be.

13          THE INTERPRETER:  Okay.

14          THE COURT:  All right.  So, I have this written paper,

15  a consent to Rule 11 plea, and it has your signature on the

16  second page.  Did you understand when you signed this that you

17  were agreeing to consent to enter your plea before me today a

18  United States Magistrate Judge?

19          THE INTERPRETER:  Yes.

20          THE COURT:  All right.  Is that what you want to do?

21          THE INTERPRETER:  Yes.

22          THE COURT:  All right.  And you had an opportunity to

23  talk to your lawyer about this paper and what it mean; yes?

24          THE INTERPRETER:  Yes.

25          THE COURT:  All right.  And, Mr. Flores, did you

```
 1   discuss the consent form with your client and are you fully
 2   satisfied he understands it?
 3            MR. FLORES:  Yes, your Honor, I did, and I'm fully
 4   satisfied that he understands it.
 5            THE COURT:  All right.  And you signed it also;
 6   correct?
 7            MR. FLORES:  Yes.
 8            THE COURT:  All right.  The Court finds then he has
 9   knowingly and voluntarily waived his right to enter a guilty
10   plea before a United States District Judge and entered his
11   consent to enter his plea before a United States Magistrate
12   Judge.
13            Mr. Domanguera, did you receive a copy of the
14   indictment with the written charges against you?
15            THE INTERPRETER:  Yes.
16            THE COURT:  Okay.  You -- do you understand what
17   you're being charged with?
18            THE INTERPRETER:  Yes.
19            THE COURT:  All right.  Did you have a chance to talk
20   to your lawyer about those charges and all the facts surrounding
21   those charges in your case?
22            THE INTERPRETER:  Yes, everything with my lawyer.
23            THE COURT:  All right.  Are you satisfied with the
24   work that Mr. Flores has done for you as your lawyer?
25            THE INTERPRETER:  Yes, he's satisfied.
```

1          THE COURT:  All right.  And, Mr. Flores, you and your

2   client are in agreement today as to your client's decision to

3   plead guilty?

4          MR. FLORES:  Yes, your Honor.

5          THE COURT:  All right.  I have a plea agreement in

6   front of me, that's this written document that's dated January

7   28, 2005.  All right.  The numbers are -- are -- the pages are

8   numbered and on the last page it's numbered 15.  All right.  And

9   it's dated January 28, 2005.  Is that your signature on that

10  last page?

11         MS. SAMESHIMA:  Your Honor, I'm sorry.

12         THE COURT:  Yes.

13         MS. SAMESHIMA:  I think you have the original, and we

14  actually conformed the copies that we have.

15         THE COURT:  Oh, I see.

16         MS. SAMESHIMA:  With the original signed as stamped.

17         THE COURT:  All right.  So, the one I'm holding up

18  that's your signature on the last page?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  All right.  Thank you.  And did you have

21  an opportunity to -- to go over it with the interpreter and Mr.

22  Flores, and to discuss it with Mr. Flores what it means?

23         THE INTERPRETER:  Yes, your Honor.

24         THE COURT:  All right.  Do you understand the terms of

25  the plea agreement?

1           THE INTERPRETER:  Yes, your Honor.

2           THE COURT:  All right.  And does this plea agreement

3  cover everything that you are in agreement with the Government

4  about your plea?

5           THE INTERPRETER:  Yes, it's complete, your Honor.

6           THE COURT:  All right.  Has anyone made any other or

7  different promise, or assurance of any kind in order to get you

8  to plead guilty?

9           THE INTERPRETER:  None, your Honor.

10          THE COURT:  Has anyone tried to threaten you, or

11  pressure you, or force you to plead guilty?

12          THE INTERPRETER:  No, your Honor.

13          THE COURT:  All right.  Ms. Sameshima, at this time if

14  you would state the major terms of the plea agreement including

15  specifically any waiver of appeal provisions?

16          MS. SAMESHIMA:  Yes, your Honor.  In the plea

17  agreement the defendant is pleading guilty to Count 1 of the

18  third superseding indictment which charges him with conspiracy

19  to distribute and possess with intent to distribute 50 grams or

20  more of methamphetamine.

21          THE COURT:  Okay.  You want to interpret -- I mean

22  translate that?

23          THE INTERPRETER:  Yes.

24          THE COURT:  Go ahead.

25          MS. SAMESHIMA:  And the Government in turn is agreeing

1 | that it will dismiss Count 2 of the third superseding indictment

2 | as to the defendant after sentencing.

3 | THE INTERPRETER:  Yes, your Honor.

4 | MS. SAMESHIMA:  And paragraph seven of the plea

5 | agreement sets forth the penalties for the Count to which the

6 | defendant is pleading guilty.

7 | THE INTERPRETER:  Yes.

8 | MS. SAMESHIMA:  And those are a minimum mandatory term

9 | of imprisonment of ten years, a possible maximum term of

10 | imprisonment of life, a -- a fine of between zero and $4

11 | million, a minimum term of supervised release of five years and

12 | up to life, and a $100.00 special assessment.  And also the

13 | defendant may be losing certain federal benefits as a result of

14 | his guilty plea.

15 | And paragraphs 8(a), (b), (c), (d), and (e) of the

16 | plea agreement set forth the factual basis for the plea.

17 | Paragraph 10(a) of the plea agreement sets forth the United

18 | States agreement that it recognized that defendant's guilty plea

19 | today is an intent -- notice of intent to plead in a timely

20 | manner.

21 | And there -- and therefore we anticipate moving in our

22 | sentencing statement for a one level reduction in the sentencing

23 | offense level pursuant to the advisory guidelines if the

24 | defendant is otherwise eligible.  However, we do reserve the

25 | right to argue to the contrary in light of any new evidence that

1   might impact this issue.

2           There is also a waiver of -- of appeal section that's
3   set forth in paragraph 12 of the plea agreement.  And the
4   defendant is knowingly waiving all his rights of appeal except
5   in two limited circumstances.

6           In -- in the first circumstance the defendant can
7   appeal if he has a claim that his attorney was ineffective in
8   representing him.  In -- in the second circumstance the
9   defendant may appeal if the Court imposes a sentence greater
10  than specified in the guideline range determined by the Court to
11  apply to the defendant.  But these are the only two -- two
12  circumstances in which the defendant may appeal.  The
13  prosecution retains its right to appeal the sentence and the
14  manner in which it was determined.  ·

15          The defendant is also agreeing to be bound by the plea
16  agreement and not to seek to withdraw from the plea agreement.
17  If the defendant does seek to withdraw from the plea agreement
18  and the Court grants that motion the defendant is agreeing that
19  he is waiving the protections of Rule 11(F) of the Federal Rules
20  of Criminal Procedure and Rule 410 of the Federal Rules of
21  Evidence.  And that's set forth in paragraph 21 of the plea
22  agreement.

23          There is a cooperation clause in the plea agreement.
24  And in that cooperation clause he agrees that he will testify
25  truthfully at any proceeding if called upon by the prosecution.

```
 1   And the prosecution agrees that it will -- it may move the Court

 2   to depart downward based on the defendant's substantial

 3   assistance.  But the decision whether to make the motion is

 4   entirely up to the United States Attorney.  The prosecution

 5   cannot be forced to make such a motion, and it is the Court that

 6   decides whether to grant the motion.  Those are the basic terms,

 7   your Honor.

 8            THE COURT:  All right.  What the Government's lawyer

 9   just explained to me is that what you understand to be your

10   agreement with the Government?

11            THE INTERPRETER:  He -- he understands everything.

12            THE COURT:  All right.  And do you fully understand

13   the charges covered by the plea agreement?

14            THE INTERPRETER:  Yes.

15            THE COURT:  Do you understand that in the plea

16   agreement you are giving up your right to appeal any sentence

17   imposed by the Judge except for two limited circumstances?

18            THE INTERPRETER:  Yes, your Honor.

19            THE COURT:  All right.  So, you will only be able to

20   challenge or appeal your sentence if the Judge gives you a more

21   severe sentence than the calculated guidelines, or if you allege

22   ineffective assistance of counsel by your lawyer.

23            THE INTERPRETER:  Yes, your Honor.

24            THE COURT:  Now, you have been charged in Count 1 of

25   the indictment with violation of a federal law which charges you
```

1    with conspiring to distribute and to possess with the intent to
2    distribute 50 grams or more of methamphetamine, its salts,
3    isomers, and salts of its isomers.  Do you understand this
4    charge?
5                 THE INTERPRETER:  Yes, your Honor.
6                 THE COURT:  Okay.  Federal law requires that this
7    charge carries a potential minimum sentence of ten years and up
8    to a maximum period of imprisonment of life.  Do you understand
9    that?  Do you understand that?
10                THE INTERPRETER:  Yes, your Honor.
11                THE COURT:  Yes.  All right.  In order for you to be
12   punished the Government has the burden of proving that you
13   conspired to distribute and possessed with the intent to
14   distribute 50 grams or more of methamphetamine, its salts, salts
15   of its isomers, and isomers.  Do you understand this?
16                THE INTERPRETER:  Yes, your Honor.
17                THE COURT:  Do you agree that you are knowingly
18   responsible for 50 grams or more of methamphetamine, its salts,
19   isomers, and salts of its isomers as charged in Count 1 of the
20   indictment?
21                THE INTERPRETER:  Yes, your Honor.
22                THE COURT:  Do you understand the possible penalties
23   that you may face if you plead guilty to Count 1?
24                THE INTERPRETER:  Yes, your Honor.
25                THE COURT:  Because you are not a United States

1   citizen a conviction in this case by pleading guilty may result

2   in you being -- not being able to stay in this country.

3              THE INTERPRETER:  Yes, your Honor.

4              THE COURT:  In fact, the type of offense that you're

5   pleading guilty to I believe may require the Government deport

6   you.  That is it's a mandatory requirement that you cannot stay

7   in this country.

8              THE INTERPRETER:  Yes, your Honor.

9              THE COURT:  You -- you understand that?  Yes, all

10  right.  During a period of supervised release you must comply

11  with a set of conditions that will be explained to you by your

12  probation officer.

13             THE INTERPRETER:  Yes, your Honor.

14             THE COURT:  All right.  These conditions will include

15  that you obey the law, that you report to the probation officer

16  and other conditions.

17             THE INTERPRETER:  Yes, your Honor.

18             THE COURT:  If the Court finds that you violated any

19  of those conditions during the supervised release you could be

20  ordered to serve more prison time.  Do you understand that?

21             THE INTERPRETER:  Yes, he understands it.

22             THE COURT:  All right.  Mr. Domanguera, are you

23  presently on probation, parole, or supervised release in any

24  other case?

25             THE INTERPRETER:  No, your Honor.

1    THE COURT:  All right.  Ms. Sameshima, does the United

2  States contend that any felony offense to which he is today

3  pleading guilty occurred while he was out on bond in relation to

4  some other federal criminal charge?

5    MS. SAMESHIMA:  No, your Honor.

6    THE COURT:  All right.  Now, do you understand that

7  Chief Judge Ezra may be calculating your sentence based on the

8  United States Sentencing Commission's guidelines?

9    THE INTERPRETER:  Yes, your Honor.

10    THE COURT:  Have you and Mr. Flores talked about the

11  guidelines and how they may affect your case?

12    THE INTERPRETER:  Yes, your Honor.

13    THE COURT:  Do you understand that the Court will not

14  be able to determine the guideline sentence for your case until

15  after the presentence report has been prepared?

16    THE INTERPRETER:  Yes, your Honor.

17    THE COURT:  Do you understand that you and the

18  Government will have an opportunity to read the report and to

19  comment or object to contents of the report and the application

20  of the guidelines as recommended by the probation officer before

21  the Court determines what your sentence should be?

22    THE INTERPRETER:  Yes, your Honor.

23    THE COURT:  Do you understand that any sentence

24  imposed by the Judge may be different from any estimate that

25  your lawyer may have given you?

```
 1              THE INTERPRETER:  Yes, your Honor.

 2              THE COURT:  And do you also understand that the Court

 3   has the authority in some circumstances to depart from the

 4   guidelines and to impose a sentence that might be more severe or

 5   less severe than what's required by the guidelines?

 6              THE INTERPRETER:  Yes, your Honor.

 7              THE COURT:  Do you also understand that Judge Ezra may

 8   be determining your sentence based on admissions that you make

 9   at today's hearing?

10              THE INTERPRETER:  Yes, your Honor.

11              THE COURT:  That is if you admit to certain facts here

12   today Judge Ezra may rely on your admissions and your admissions

13   may result in increasing your sentence.

14              THE INTERPRETER:  Yes, your Honor.

15              THE COURT:  All right.  Do you understand you do not

16   have to admit to any factual matters that might be in dispute

17   between you and the Government, but if you do make admissions

18   then the Court is going to rely on that?

19              THE INTERPRETER:  Yes, your Honor.

20              THE COURT:  If your sentence is more severe than you

21   expected you will still be bound by your plea.  Even if you do

22   not like the sentence imposed by Judge Ezra you will not be able

23   to take back your guilty plea.

24              THE INTERPRETER:  Yes, your Honor.

25              THE COURT:  So, the time to make that decision is now.
```

1   You understand that?

2          THE INTERPRETER:  Yes, your Honor.

3          THE COURT:  Parole has been abolished.  If you are

4   sentenced to prison you will not be released on parole.  Do you

5   understand that?

6          THE INTERPRETER:  Yes, your Honor.

7          THE COURT:  You have certain rights that you will give

8   up if you plead guilty, and I need to tell you about those

9   rights now and to make sure that you understand that you are

10  giving up these rights.

11         THE INTERPRETER:  Yes, your Honor.

12         THE COURT:  You have a right to plead not guilty and

13  then you would have the right to have a jury trial.  At trial

14  you would have the right to have a lawyer represent you.

15         THE INTERPRETER:  Yes, your Honor.

16         THE COURT:  You would have a right to have your lawyer

17  cross-examine any witnesses and the right to see and hear all of

18  those witnesses.

19         THE INTERPRETER:  Yes, your Honor.

20         THE COURT:  You would have the right to testify or

21  remain silent and not testify.

22         THE INTERPRETER:  Yes, your Honor.

23         THE COURT:  You would have the right to have the Court

24  issue subpoenas for any witnesses you wish to call in your

25  defense.

1         THE INTERPRETER: Yes, your Honor.

2         THE COURT: At trial you would be presumed to be

3   innocent and the United States would have the burden of proving

4   that you are guilty beyond a reasonable doubt.

5         THE INTERPRETER: Yes, your Honor.

6         THE COURT: Before you can be convicted all 12 jurors

7   must be convinced that the United States met that burden, and if

8   you are found guilty after a trial you would have the right to

9   appeal that conviction.

10        THE INTERPRETER: Yes, your Honor.

11        THE COURT: And if you could not afford to the pay the

12   cost of the appeal the Government would pay those costs for you.

13   Do you understand that you have all of these rights?

14        THE INTERPRETER: Yes, your Honor.

15        THE COURT: But if you plead guilty there will be no

16   trial, and you're going to be giving up all of these rights.  Do

17   you understand that?

18        THE INTERPRETER: Yes, your Honor.

19        THE COURT: You also have the right to remain silent,

20   but if you choose to plead guilty you're going to give up that

21   right, and I'm going to ask you some questions.

22        THE INTERPRETER: Yes, your Honor.

23        THE COURT: All right.  I'm going to ask you what it

24   is that you did that makes you guilty of Count 1, and you have

25   to answer truthfully under oath even if your answers establish

```
 1  you committed a crime.  Do you understand that?

 2              THE INTERPRETER:  Yes.

 3              THE COURT:  All right.  Ms. Sameshima, if you would

 4  summarize the essential elements that the Court -- the

 5  Government would have to prove if this matter went to trial

 6  against him?

 7              MS. SAMESHIMA:  Yes, your Honor.  The Government would

 8  have to prove that the defendant and one other individual -- at

 9  least one other individual agreed to distribute and possess with

10  the intent to distribute 50 grams or more of methamphetamine.

11  Would you like me to repeat that?

12              THE INTERPRETER:  Yes, please.

13              MS. SAMESHIMA:  Oh.  Agree that the defendant and at

14  least one other individual agreed to commit an illegal

15  objective.  In this case it was the distribution and possession

16  with intent to distribute 50 grams or more of methamphetamine,

17  and that the defendant was a member of this conspiracy.  He knew

18  of this object, and he intended to accomplish it.  And that the

19  conspiracy involved at least 50 grams of methamphetamine.

20              THE COURT:  Mr. Flores, do you disagree in any respect

21  with that summary?

22              MR. FLORES:  No, your Honor.

23              THE COURT:  All right.  Mr. Domanguera, do you

24  understand if there were a trial on these charges the Government

25  would have to prove all those things by evidence such as
```

1  witnesses or physical evidence?

2           THE INTERPRETER:  Yes.

3           THE COURT:  All right.  In the plea agreement there's

4  a statement of facts at page four through five that talks about

5  what it is that you did that makes you guilty.  Have you read

6  through that fact summary carefully, gone over it with the

7  interpreter and Mr. Flores?

8           THE INTERPRETER:  Yes, your Honor.

9           THE COURT:  All right.  Are those facts all true in

10  every respect?

11           THE INTERPRETER:  Yes, your Honor.

12           THE COURT:  What did you do that makes you guilty of

13  Count 1?

14           THE INTERPRETER:  When he opened the box -- and he was

15  in this wrong place and wrong time that he opened the box that

16  was given to him.

17           THE COURT:  All right.  And what was inside the box?

18           THE INTERPRETER:  He was not sure, and then the police

19  came, and then his friends told him it was methamphetamine.

20           THE COURT:  All right.  Well, when you -- why -- why

21  did you open the -- the box then?  Were you intending to take

22  the drugs out and sell it?

23           THE INTERPRETER:  When the box arrived -- before the

24  box arrived, I'm sorry, he went to the house of -- of Agtang --

25           THE COURT:  Uh-huh.

```
 1                THE INTERPRETER:  -- because he wanted to get $60.00.

 2   He wanted to buy $60.00 worth of stone -- or methamphetamine.

 3                THE COURT:  All right.

 4                THE INTERPRETER:  And instead of giving him the $60.00

 5   worth of methamphetamine they -- they -- he did not receive it,

 6   because they had used it.  And they told him that they will give

 7   it to him when the box arrives.  And he also wanted to get the

 8   money -- and they will also pay him with stuff for the barber

 9   service that he did to them.

10                THE COURT:  All right.  But you got a parcel or a box

11   from Mr. Agtang; right in January of 2004?

12                THE INTERPRETER:  Yes --

13                THE COURT:  All right.

14                THE INTERPRETER:  -- because they knew that --

15                THE COURT:  Okay.

16                THE INTERPRETER:  -- there was somebody running after

17   them, so they sent the box to him.

18                THE COURT:  All right.  And you took the box to your

19   residence in Mililani; correct?

20                THE INTERPRETER:  Yes.

21                THE COURT:  Is that correct?

22                THE INTERPRETER:  Yes, your Honor.

23                THE COURT:  All right.  And you knew in the box was

24   methamphetamine; is that correct or not correct?

25                THE INTERPRETER:  Yes -- yes, your Honor.
```

1          THE COURT:  All right.  Then that's before you even

2    opened the box you knew there was methamphetamine inside the

3    box?

4          THE INTERPRETER:  Yes, your Honor.

5          THE COURT:  And you opened the box up and there was

6    methamphetamine inside?

7          THE INTERPRETER:  Yes, your Honor.

8          THE COURT:  And you took the methamphetamine out of

9    the box and what were you going to do with it?

10         THE INTERPRETER:  He wanted to get his $60.00 worth

11   and the barber's service, and then he was going to return it to

12   them.

13         THE COURT:  All right.  And in your plea agreement it

14   says that you knew what was inside the box and that you were

15   intending to take the methamphetamine out, and to distribute it

16   to others.

17         THE INTERPRETER:  I just wanted to get what was for

18   me.

19         THE COURT:  All right.  But you were going to give it

20   to -- back to Mr. Agtang and the other people; is that -- was

21   that your intent you're saying?

22         THE INTERPRETER:  When they would come over and get it

23   from me.

24         THE COURT:  All right.  And you knew what they were

25   going to do with it, which was they were going to sell it to

1 | other people; would that be correct?

2 | THE INTERPRETER: Yes.

3 | THE COURT: All right. And in the plea agreement it

4 | says that there -- it was determined that there was 1,344 grams

5 | of methamphetamine of 97 percent purity. All right. Do you

6 | agree with that? You have nothing to say that that's not true;

7 | correct? So, you -- do you agree that the amount --

8 | THE INTERPRETER: He doesn't know the amount of the

9 | methamphetamine and the purity of the methamphetamine.

10 | THE COURT: -- right. But what -- but do you agree

11 | that there's nothing that you have that disputes or can prove

12 | that it's not 1,000 -- not prove. All right. In this plea

13 | agreement you're agreeing that the laboratory analysis is -- is

14 | accurate it says here. Is accurate that it was 1,344 grams and

15 | 97 percent purity.

16 | THE INTERPRETER: If that is the finding I don't have

17 | anything to say.

18 | THE COURT: All right. It says you don't dispute the

19 | amount or the purity that was determined by the chemist; would

20 | that be correct?

21 | THE INTERPRETER: What he only knows is that he

22 | doesn't know how to measure or know the purity.

23 | THE COURT: Right. So, what the chemist came up with

24 | you -- you are not disputing it, or you're not saying the

25 | chemist is wrong; is that correct?

```
 1                    THE INTERPRETER:  No, he doesn't say that --

 2              THE COURT:  Okay.

 3              THE INTERPRETER:  -- he is wrong.

 4              THE COURT:  Okay.  Are there any other matters that

 5   the Government feels that I should cover with the defendant?

 6              MS. SAMESHIMA:  No.

 7              THE COURT:  All right.  Mr. Flores, are you aware of

 8   any reason why the Court should not accept your client's plea of

 9   guilty?

10              MR. FLORES:  No, your Honor.

11              THE COURT:  All right.  If you plead guilty, Mr.

12   Domanguera, there's going to be a presentence report prepared,

13   and Judge Ezra is going to read the report, and then decide

14   whether or not to accept your guilty plea and the -- and the

15   plea agreement.

16              THE INTERPRETER:  Yes, your Honor.

17              THE COURT:  All right.  If -- okay.  And if Judge Ezra

18   decides to reject your plea agreement you will be able to take

19   back your guilty plea and to plead not guilty, but that's only

20   if he rejects your plea agreement.

21              THE INTERPRETER:  Yes, your Honor.

22              THE COURT:  Okay.  How do you now plead to the charge

23   against you in Count 1, guilty or not guilty?

24              THE INTERPRETER:  Guilty.

25              THE COURT:  I just want -- Mr. Domanguera, since you
```

1   said it so quiet I just want to make sure you're -- you're

2   pleading guilty to Count 1; is that correct?

3           THE INTERPRETER:  He wants a more explanation about

4   the charge especially the word conspiracy.

5           THE COURT:  Well, Ms. Sameshima explained to you that

6   they would have to prove that you had an agreement with at least

7   one other person.  All right.  And what --

8           THE INTERPRETER:  He said no.

9           THE COURT:  -- okay.  Well, you know, you told me in

10  the reasons why you're pleading guilty that you had gotten the

11  parcel from Mr. Agtang -- at least Mr. Agtang, you had given him

12  $60.00, and you wanted to purchase crystal methamphetamine from

13  him.

14          All right.  So, the specific facts that the Government

15  would show at trial to charge you with the conspiracy is that --

16  with Mr. Agtang giving you that parcel that had more than $60.00

17  worth of crystal methamphetamine in it.

18          THE INTERPRETER:  He did not expect that the $60.00

19  would give him that much amphet -- methamphetamine.

20          THE COURT:  That's right.  You knew when they gave you

21  the parcel it was more than that, and you took it for them, and

22  then you gave it back to them, and you knew that they were going

23  to sell it to other people.

24          THE INTERPRETER:  Yes, he knows that.

25          THE COURT:  All right.  So, what the Government is

1   saying is that they have charged you and are going to have

2   evidence, if it goes to trial, that you got the parcel from

3   them, and agreed to take the parcel that had the drugs.  You

4   knew the drugs were in there -- go ahead.

5           THE INTERPRETER:  Yes, your Honor.

6           THE COURT:  And you held the drugs for them, and then

7   you gave it -- with the intent to give it back to them so they

8   could go out and sell the drugs to other people.

9           THE INTERPRETER:  Yes.

10          THE COURT:  So, that's the charge against you that the

11  conspiracy is that you had this agreement to take the drugs in

12  the box for them, and then at some point give it back to them so

13  they could sell it to other people.  Okay.

14          THE INTERPRETER:  Yes, he understand.  He just cannot

15  believe that that -- this would be where -- what would happen

16  for receiving the box.

17          THE COURT:  All right.  Well -- so, if he -- if you

18  plead guilty what you are accepting responsibility for is for

19  this agreement of taking the box and agreeing to give it back to

20  them knowing that they were going to go out and sell

21  methamphetamine to other people.  If you do not believe that you

22  are guilty of that then you should not plead guilty.  If you are

23  willing to accept responsibility for this offense then it is up

24  to you if you want to plead guilty.

25          THE INTERPRETER:  Yes, your Honor.

```
 1                    THE COURT:  All right.

 2              THE INTERPRETER:  He understands.

 3              THE COURT:  Okay.  So, now you understand the charge

 4    of conspiracy to possess with the intent to distribute

 5    methamphetamine that you've been charged with in Count 1; is

 6    that correct?

 7              THE INTERPRETER:  Yes, your Honor.

 8              THE COURT:  All right.  So, how do you want to plead

 9    to Count 1?  Do you want to plead guilty or not guilty?

10              THE INTERPRETER:  Guilty.

11              THE COURT:  You're sure of this?

12              THE INTERPRETER:  Yes, your Honor.

13              THE COURT:  All right.  Then I accept your guilty

14    plea.  I find that the defendant is fully competent and capable

15    of entering an informed and valid plea, that his plea of guilty

16    is knowing, and voluntary, and supported by an independent basis

17    in fact containing each of the essential elements of the offense

18    charged against.

19              I have therefore signed the report and recommendation

20    concern the plea of guilty.  And subject to Judge Ezra's

21    consideration of the plea agreement I am recommending that he be

22    adjudged guilty and have sentence imposed.  Objections to the

23    report and recommendation are waived unless filed and served

24    within ten days of today's date.

25              Now, Mr. Domanguera, I'm going to order the probation
```

```
 1   -- presentence report be prepared.  All right.  The probation
 2   officer needs to interview you.  If you wish Mr. Flores can be
 3   present.
 4                THE INTERPRETER:  Yes, your Honor.
 5                THE COURT:  Once the report is completed you'll have
 6   an opportunity to read it and to make objections to what's
 7   written in the report.  And then you're going to be brought to
 8   Court before Chief Judge Ezra, and you have an opportunity to
 9   have Mr. Flores say something, and if you want you can say
10   something, and then he's going to tell you what your sentence
11   is.  Mr. Nakamura, if you would set the sentencing date and
12   time.
13                THE CLERK:  Sentencing as to Count 1 of the third
14   superseding indictment will be on October 17th, 2005, at 3:00
15   o'clock, p.m., before Chief Judge David Alan Ezra.
16                THE COURT:  So, that's the day you need to come back
17   to Court.  All right.  Is there anything further on behalf of
18   the Government, Ms. Sameshima?
19                MS. SAMESHIMA:  No -- no, your Honor.  Thank you very
20   much.
21                THE COURT:  Anything further, Mr. Flores?
22                MR. FLORES:  No, your Honor.  Thank you.
23                THE COURT:  All right.  Then he shall remain in
24   custody until his sentencing.  Good luck to you, Mr. Domanguera.
25   All right.  We're in brief recess.
```

1                (At which time the above-entitled proceedings were
2     concluded.)
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1

2

3                                  CERTIFICATE

4          I, court approved transcriber, certify that the

5    foregoing is a correct transcript from the official electronic

6    sound recording of the proceedings in the above-entitled matter.

7          Dated this 2$\underline{nd}$ day of December 200 6.

8

9                                    Jessica B. Cahill

10

11                                   Jessica B. Cahill

12

13

14

15

16

17

18

19

20

21

22

23

24

25