ARTHUR E. ROSS, Esq.
841 Bishop Street, Suite 2115
Honolulu, Hawaii 96813
Tel: 808 521-4343

Attorney for Defendant
FELIPE DOMANGUERA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 04-00061-02 JMS |
| ) | CV. NO. 06-00580 JMS-KSC |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OF LAW IN SUPPORT** |
| ) | **OF REQUEST FOR CERTIFICATE OF** |
| FELIPE DOMANGUERA, ) | **APPEALABILITY;** |
| ) | **ORDER filed FEBRUARY 7, 2007;** |
| Defendant. ) | **CERTIFICATE OF SERVICE** |
| ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF REQUEST
FOR CERTIFICATE OF APPEALABILITY**

On February 7, 2007 the Court denied Petitioner Motion to vacate, set aside, or correct a sentence under 18 U.S.C. § 2255.

**ARGUMENT**

**I**

The Court's determination that "Flores's Failure to Consult Domanguera Regarding his Right to Appeal was Not Deficient Performance" is incorrect for two reasons.

First, Roe v. Flores-Ortega, 528 U.S. 470 (2000), is distinguishable, because Flores's later-demonstrated incorrect understanding of Petitioner's right to appeal could not lead to

1

the Court finding, by implication, consent not to appeal.

A court-appointed attorney **must**, "following the imposition of sentence in a criminal case where the defendant has been found guilty after trial or entered a plea of guilty, **advise the defendant of his or her right to appeal and of his or her right to counsel on appeal. ...**"  18 U.S.C. § 3006A.

Petitioner's court appointed counsel effectively abandoned him when he failed to advise Petitioner of his right to appeal his sentence. Notwithstanding the waiver provision of Petitioner's plea agreement, it was counsel's duty to correctly advise his client of his right to appeal. A defendant cannot "consent" to counsel's failure to file a Notice of Appeal either if counsel has failed to inform him of his rights to appeal, and to have counsel file that Notice, or if counsel has misinformed him that he had no such rights.

It should be clear that Flores did not recognize that the appellate waiver in Petitioner's plea agreement **did not foreclose** all non-frivolous grounds for appeal. Flores's letter to Petitioner dated April 27, 2006 stated that no Notice of Appeal had been filed because Petitioner's waiver of appeal in ¶ 12 of his plea agreement "gave him no right to appeal." In other words, Flores considered the appellate waiver wholly unqualified. (Petitioner points out that Flores's lackadaisical approach to this case is further demonstrated by the fact that the April 2006

2

was mis-addressed and Petitioner never received it.)

The answer to "whether counsel consulted with the defendant about an appeal, meaning to advise the defendant about the advantages and disadvantages of an appeal and making a 'reasonable effort to discover the defendant's wishes[]'" is **no**. **See**, Order at 7, quoting Flores-Ortega at 478.

Petitioner's situation is one where counsel, in effect, erroneously and affirmatively misadvised him he could not appeal. Therefore, "consent" not to have Flores file a Notice of Appeal cannot be implied; Flores did not know the correct law and cannot be deemed to have advised Petitioner correctly of his rights.

Second, Petitioner submits that the assumption that the sentence imposed was within the appropriate guideline range is unwarranted in this case. Flores ignored the rigor required to assist the Court to accurately determine an "appropriate guideline sentence." Either Flores did not recognize that the factual disputes regarding Petitioner's responsibility for specific drug quantities raised issues under Apprendi and its progeny, or he assumed that Petitioner's appellate waiver excused him from vigorous advocacy regarding the sentencing court's determination of the "appropriate" sentencing guidelines.

## II

Whether Petitioner's sentence was greater than the appropriate guideline range has not been reviewed. While

3

Petitioner acknowledges that the District Court's recitation of the actions it took in imposing a guideline sentence in this case "left Flores with no Sixth Amendment arguments to make[,]" Petitioner submits that **he** had, and continues to have, non-frivolous Sixth Amendment issues -- whether the sentence imposed was greater than the appropriate guideline sentence -- which could have been addressed on direct appeal but for Flores's failure to correctly advise Petitioner of his appellate rights.

## CONCLUSION

Pursuant to 28 U.S.C. § 2253 Petitioner has made a substantial showing of the denial of his constitutional right to effective assistance of counsel on both issues: his right to be correctly advised by informed counsel of his right to appeal the sentence imposed in this case, notwithstanding the appellate waiver in his plea agreement, and his right to counsel at sentencing adequately enough informed as to Sixth Amendment and Booker issues that counsel is able to vigorously represent him by assisting the Court in determining the "appropriate" guideline sentence.

DATED: Honolulu, Hawaii, March 27, 2007.

_/s/ Arthur E. Ross_
ARTHUR E. ROSS
Attorney for Defendant
FELIPE DOMANGUERA

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document shall be duly served upon the following parties:

|  | By: | U.S. Mail | Hand Delivery |
|---|---|---|---|
| Beverly W. Sameshima, AUSA<br>Office of the United States Attorney<br>Rm. 6100, PJKK Federal Bldg.<br>300 Ala Moana Blvd.<br>Honolulu, Hawaii 96850 |  | ( X) | ( ) |

Attorney for Respondent
United States of America

DATED:  Honolulu, Hawaii, March 27, 2007.

_____
ARTHUR E. ROSS
Attorney for Defendant-Appellant
FELIPE DOMANGUERA