IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FELIPE RAGUINDEN DOMANGUERA, | CR. NO. 04-00061-02 JMS<br>CIV. NO. 06-00580 JMS-KSC |
| Petitioner, | ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**

On October 27, 2006, petitioner Felipe Raguinden Domanguera ("Domanguera") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The court denied that motion on February 6, 2007. Domanguera now seeks a certificate of appealability. For the following reasons, the court DENIES Domanguera's request for a certificate of appealability.

I. **BACKGROUND**

On January 28, 2005, pursuant to a plea agreement, Domanguera entered a plea of guilty to Count 1 of a third superseding indictment charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers. In return

for his plea of guilty, the United States dismissed Count 2 of the third superseding indictment as to Domanguera. Pursuant to this plea agreement, Domanguera waived his right to appeal his sentence, with two exceptions: 1) he could appeal a sentence greater than that specified in the guideline range as determined by the court; and 2) he could appeal based on a claim of ineffective assistance of counsel. February 6, 2007 Order at 6.

Domanguera's offense conduct, which he does not dispute in either the § 2255 motion or in his request for a certificate of appealability, is rather straightforward. After a Federal Express parcel was intercepted by law enforcement and found to contain methamphetamine, the parcel was repackaged with pseudo-methamphetamine and then delivered by an undercover officer posing as a Federal Express employee to co-defendant Jaime Agtang. Domanguera, Agtang, and co-defendant Dan Tauyan then transported the parcel to Domanguera's residence. As Domanguera, Agtang, and Tauyan were driving with the drugs, they believed that they were being followed by law enforcement. Domanguera took the parcel from the vehicle into his residence, opened it, and handled the contents. Tracking the beeper placed in the package, law enforcement went to Domanguera's apartment and knocked on the door. Domanguera attempted to flush the pseudo-methamphetamine down the toilet.

Domanguera was sentenced by this court on October 19, 2005. The court first determined the applicable sentencing guideline range. After receiving a two-level reduction under the "safety valve," and a three-level reduction for early acceptance of responsibility, Domanguera was placed at guideline offense level 31, criminal history category I, with an advisory guideline range of 108-135 months incarceration. After considering the advisory guidelines and the other factors under 18 U.S.C. § 3553(a), the court imposed a sentence of 108 months incarceration.

In his § 2255 motion, Domanguera claimed that his court-appointed counsel, Brandon Flores, was ineffective in two ways. First, he claimed that Flores failed to notify him of his right to appeal his sentence. Second, Domanguera asserted that Flores "was ineffective by not presenting advocacy based upon *Apprendi* and its progeny regarding Sixth Amendment issues."

After careful review, this court found that, pursuant to *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), Flores's performance was not deficient in failing to consult with Domanguera regarding his right to appeal. Further, the court found that Domanguera had no viable *Apprendi* claims to raise.

## II. **STANDARD OF REVIEW**

Under the Antiterrorism and Effective Death Penalty Act of 1996, a final order in a § 2255 proceeding may not be appealed absent the issuance of a certificate of appealability.  28 U.S.C. § 2253(c).  To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right."  *Id.*  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), *citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III. **ANALYSIS**

In support of his request for a certificate of appealability, Domanguera argues, as he did in his § 2255 motion, that Flores had an absolute duty to advise Domanguera of his right to appeal, and that Flores "effectively abandoned him when he failed to advise Petitioner of his right to appeal his sentence."  Memorandum of Law in Support of Request for Certificate of Appealability at 2.  The Sixth Amendment does not place such an absolute duty on Flores.

The Supreme Court has made clear, at least in the context of the Sixth Amendment, that counsel does not always have an "absolute duty" to advise his client of the right to appeal.  Instead, where a defendant "neither instructs counsel to file an appeal nor asks that an appeal not be taken," a court must ask whether counsel consulted with the defendant about an appeal, meaning to advise the defendant about the advantages and disadvantages of an appeal and making a "reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478.  "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal where there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480.  A "highly relevant" factor is whether the conviction follows a trial or guilty plea, and whether the defendant waived his appellate rights.  *Id*.

The record clearly shows that Domanguera and Flores did not discuss the possibility of an appeal.  In a March 20, 2006 letter to Flores, Domanguera wrote that, "[s]ince I was sentenced, I have not had any further communication from you."  *See* Memorandum in Support of § 2255 Motion at Ex. E.  On that same date, Domanguera wrote to the clerk of court, stating that "I have not had

communication with this court or from my attorney since I was sentenced." *Id.* at Ex. D.  Again on March 20, he wrote to this court, stating that "I was sentenced in your court room on October 19, 2006 [sic].  Since then I have not had any contact with the Clerk of court, and from my attorney that represented me at my sentencing, Attorney Brandan [sic] K. Flores." *Id*. at Ex. F.  Domanguera has never claimed, in his correspondence or to this court, that he discussed the possibility of an appeal with Flores.  Flores agrees, stating that "Domanguera did not inform me either at sentencing, or thereafter, that he wished to appeal."  *See* Flores Decl. ¶ 10 attached to the Memorandum in Opposition of the § 2255 Motion.  In short, Domanguera did not demonstrate to Flores that he was interested in appealing until approximately five months after his sentencing.

       Further, given that Domanguera pled guilty, waived his right to appeal except in limited circumstances, and was sentenced at the bottom of the applicable guideline range after the court considered all the factors set forth at 18 U.S.C. § 3553(a),  Flores had no reason to think that Domanguera (applying a rational defendant standard) would want to appeal.  Reasonable jurists would not

6

disagree with this court's resolution of Domanguera's claim, and the issue presented is not adequate to proceed further.[1]

Domanguera next argues that he had, and continues to have, "non-frivolous Sixth Amendment issues -- whether the sentence imposed was greater than the appropriate guideline sentence -- which could have been addressed on direct appeal but for Flores's failure to correctly advise Petitioner of his appellate rights." Memorandum of Law in Support of Request for Certificate of Appealability at 4. But rather than pointing to specific errors, Domanguera rests on his unsupported conclusion that the court arrived at an incorrect guideline range. As this court previously stated, "[t]o the extent Domanguera is arguing that Flores's representation at the sentencing hearing was deficient, the record clearly shows otherwise." February 6, 2007 Order at 16. Because Domanguera failed to

---

[1] In fact, as pointed out in the February 6, 2007 Order, in *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005), a panel of the Ninth Circuit recently opined that if a defendant waived his right to appeal and did not affirmatively ask his counsel to file a notice of appeal, the failure to file that notice is not deficient:

> In the hypothetical scenario where Sandoval-Lopez never expressed any desire to appeal, *Flores-Ortega* would completely foreclose an ineffective assistance of counsel claim. In such a scenario, because there was no ground for appeal, as an appeal had been waived, and he had obtained the benefit of his very favorable plea bargain, no rational defendant would want to appeal. So Sandoval-Lopez's lawyer's failure to file a notice of appeal would not be deficient performance, if he and his client did not consult about an appeal.

provide any basis to support his claim that the court incorrectly applied the guidelines, the court DENIES the request to issue a certificate of appealability.[2]

### IV. **CONCLUSION**

Domanguera's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 3, 2007.



J. Michael Seabright
United States District Judge

*Domanguera v. United States*; Civil No. 06-00580 JMS/KSC; Cr. No. 04-00061-02 JMS; Order Denying Request for Certificate of Appealability

---

[2] Even if Domanguera had presented a non-frivolous argument to support his contention that this court improperly applied the guidelines, the appeal waiver precludes an appeal from any sentence within the guideline range as determined by this court. Thus, Domanguera knowingly waived any right he had to appeal the within-guideline sentence imposed in this case.